UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | A04-003 CR (JWS) |
| | ) | |
| Plaintiff, | ) | ORDER FROM CHAMBERS |
| | ) | |
| vs. | ) | [Motions at dockets 456, |
| | ) | 457, 458, and 459 decided; |
| JOSEF FRANZ BOEHM, | ) | order at docket 447 modified; |
| | ) | Josef F. Boehm transferred to |
| Defendant. | ) | Custody of Attorney General] |
| | ) | |

## I. MOTIONS PRESENTED

At docket 458, defendant Josef Franz Boehm moves to shorten time for the consideration of his motion at docket 456 which seeks a competency determination and for consideration of his motion at docket 457 seeking a continuance of trial in order to permit a competency determination. At docket 459, Boehm moves for an order of transportation so that he may receive a CAT scan and an MRI. At docket 463, the United States has filed an opposition to Boehm's motions. The court has listened to six compact discs submitted at docket 464 in support of the United States' opposition. The court permitted Boehm to file a reply memo. All of the briefing has been considered. In addition, the court conducted a preliminary hearing at which defendant Boehm was placed under oath and interrogated by the court in an *ex parte* setting. This order addresses all of the motions.

## II. DISCUSSION

### A. Motion at Docket 458

Given that today is July 28, 2004, and that trial is set for August 2, 2004, the motion at docket 458 to expedite consideration of the motions at dockets 456 and 457 must be granted.

### B. Motion at Docket 456

The information supporting the motion for a competency determination includes affidavits which recite communications from Boehm to his lawyers and a physician hired to assist in Boehm's trial preparation. This information has properly been filed under seal and *ex parte* so as to protect communications subject to the attorney-client privilege.[1] The court has carefully reviewed the materials which include an affidavit executed by Mr. Weidner only; a virtually identical affidavit executed by both Mr. Weidner and Mr. Butler, two of Boehm's three lawyers, and an affidavit executed by Dr. Gary Jacobsen, a physician retained to assist Boehm's lawyers, who has interviewed Boehm.[2]

While it would be inappropriate to disclose any of the privileged communications contained in the affidavits, it is appropriate to disclose certain statements made by the affiants. Dr. Jacobsen states under oath that he has observed many of the same communications of ideas (he calls them histories) reflected in Mr. Weidner's description of communications he has received from Boehm. Dr. Jacobsen also avers as follows: "It is my belief based on my professional expertise and experience and my evaluation of Mr. Boehm, that reasonable cause exists such that a hearing should be conducted to determine the mental competency of the defendant, and the court [should consider] an

---

[1] Boehm's counsel did provide redacted copies of the supporting materials to government counsel.

[2] The affidavits are found at docket 460 and are packaged such that the principal document is Dr. Jacobsen's affidavit to which are appended as exhibits various materials including the Affidavit of Mr. Weidner and the affidavit of Mssrs. Wiedner and Butler, both of which appear as parts of a single Exhibit C to Dr. Jacobsen's affidavit. It appears to the court that the lawyers' affidavits are identical, but that only the second one bears Mr. Butler's notarized signature.

appropriate psychiatric and/or psychological evaluation and report under 18 U.S.C. §4241 and a hearing as to same."

Mr. Weidner's affidavit recounts fifteen specific communications from Boehm, which, if reflective of beliefs actually held by Boehm, display a significant disconnection between reality and what Boehm understands to be happening. The disconnection is severe, and, if it really exists, the disconnection strongly suggests to the court that Boehm may be unable to assist in his own defense. In addition, both Mr. Weidner and Mr. Butler have represented to the court that as advocates and officers of the court, they have concluded that they are duty bound to advise the court that they believe Boehm may not be competent to assist in his own defense.

Boehm did not appear to be subject to any such disconnection from reality when he appeared before the trial judge in connection with his motion to change counsel. Furthermore, he does not suffer from any detectible mental impediment whatsoever on the tape recorded conversations submitted by the government at docket 464. Indeed, his conversations on those tapes are those of a careful and calculating individual who sounds competent to make decisions about his properties, his business interests, and his defense in this case. On the tapes, Boehm carries on sensible conversations with his stepson, Kirk Grandstaff, and others including Tim Petumenos, an Anchorage lawyer who is representing Boehm in what sounds like major civil litigation in New York, and with other business associates. Some of the conversations touch upon Boehm's defense in the case at bar. Others concern important affairs, such as the lawsuit in New York. Many deal with the maintenance, sale, or repair of Bohem's real and personal property. Others focus on making arrangements for visitors, contacting other people, and generally running Boehm's affairs while he is incarcerated. In the conversations, Boehm appears to have a good memory, to act analytically, to make rational decisions, and to communicate normally. It is also evident that Boehm had the foresight to have other persons checking up on Grandstaff from time to time, for he calls Granstaff to task for various shortcomings. In sum, Boehm sounds normal on the tape recordings. However, all of the recorded telephone calls provided to the court occurred in the period from March 3, 2004 through May 11, 2004. It would be

consistent with statements made in the affidavit of Mr. Weidner for Boehm to have been behaving in a fairly rational manner during roughly that period of time. According to Weidner, the communications giving rise to concerns about mental competency principally occurred early on after Boehm was arrested (and while the court believes he would have been de-toxing from cocaine ingestion), but then recently recurred in a more assertive or aggressive form. In any event, the critical issue is not what mental status Boehm had when he was arrested, or during the interval from March 3, 2004 through May 11, 2004. The critical issue is what his mental status is now.

With respect to the question of Boehm's present mental condition, the court's own *ex parte* questioning of Boehm on July 28, 2004, produced testimony which the court finds diminishes the extent of impairment suggested in the affidavits from Mssrs. Weidner and Butler. Moreover, the court is very concerned about the timing of the motion for a competency determination for two reasons. First, trial is set for August 2, 2004, and the motion was not filed until July 26. Second, communications akin to some of those which prompted the motion were known to Mr. Weidner months ago.[3]

The statute which governs disposition of motions for a competency hearing in criminal prosecutions is 18 U.S.C. § 4241. Under that statute, a motion for a mental competency determination may be made "at any time after the commencement of a prosecution."[4] So, the motion is timely. Under the controlling statute, where a court finds either that there is reasonable cause to believe that a defendant may be "unable to understand the nature and consequences of the proceedings against him" or there is reasonable cause to believe that the defendant may be unable "to assist properly in his defense," the court "shall grant" the request for a hearing.[5]

---

[3] The suggestion in Boehm's motion papers that the lateness is somehow excused, because Magistrate Judge Branson earlier denied a similar request is belied by the fact that Mr. Weidner failed to disclose to Magistrate Judge Branson any of the detailed communications and behaviors disclosed in his most recent affidavit. The magistrate judge may not be faulted for his earlier decisions.

[4] 18 U.S.C. § 4241(a).

[5] *Id.*

-4-

In spite of the fact that the court's own lengthy questioning did produce answers which reduce the impact of the statements attributed to Boehm by his lawyers because they give context and provide plausible explanations for some of them, those statements remain evidence of a serious disconnect between reality and Boehm's perception of reality. When the statements are coupled with the opinion from Dr. Jacobsen and the assessments by two experienced criminal lawyers, the court must conclude that there is reasonable cause to believe that Boehm may be suffering from a mental defect at the present time which renders him incompetent to properly assist in his own defense. <u>Thus, a full hearing on his competency is necessary</u>. Where a competency hearing is to be held, the court may order a psychiatric or psychological evaluation to be prepared prior to the hearing.[6] As a practical matter, the court has no choice in this instance. Given the nature of the information in the affidavits, and the two hours of testimony from Boehm heard *ex parte*, the court concludes that it cannot evaluate Boehm's competency without expert assistance.

Boehm would have the expert evaluation accomplished by mental health professionals of his own choosing in surroundings which this court cannot be certain are sufficiently secure. Security is a major consideration, because Boehm presents a serious flight risk: He is a wealthy man. If convicted, Boehm might be incarcerated for a term exceeding his life expectancy. However, the court is neither limited to seeking the opinion of the mental health professionals suggested by defendant, nor must the evaluation be made in surroundings that may lack the requisite security. Pursuant to 18 U.S.C. § 4247(b), Boehm may be committed to the custody of the Attorney General for placement in a suitable facility where he may be evaluated by a psychiatrist retained by the Attorney General. Under the circumstances, that is the only realistic option for obtaining the evaluation needed by the court in order to address the competency issue raised by defendant's motion at docket 456.

## C. Motion at Docket 457

It is simply impossible to have Boehm transferred to the custody of the Attorney

---

[6] 18 U.S.C. § 4241(b).

General, transported to a suitable facility, fully evaluated, have a report prepared, and have Boehm returned to Anchorage, in time for trial on August 2, 2004. Despite the fact that this case has been declared a case of special importance pursuant to federal law,[7] and with due regard for the several child witnesses and the substantial negative impact this second continuance in the trial date will have on them, the court cannot avoid continuing the trial. Based on the record Boehm's lawyers have presented in support of the motion, it would be a clear violation of 18 U.S.C. § 4241 not to conduct a hearing on Boehm's competency. Proceeding to trial on the record developed thus far would likely assure a reversal on appeal on the competency issue if Boehm were convicted. Given the reprehensible nature of the alleged conduct underlying the charges against Boehm and the community's interest in protecting its youth, a reversal on appeal would surely lead to a second trial. In the court's estimation having to participate in two trials would be more harmful to the children than participating in a single trial which would end the matter.

### D. Motion at Docket 459

The motion at docket 459 seeks an order that Boehm be transported to an as yet undesignated facility so that he can have a CAT scan and an MRI on the grounds that these would help evaluate his cognitive ability. To the extent the motion is not mooted by the court's decision to have Boehm's competency evaluated, it is not well supported, may be rendered moot by an existing motion regarding whether Dr. Jacobsen may testify, may be untimely, and plaintiff has not yet had time to respond. Accordingly, the motion at docket 459 will be denied.

### III. CONCLUSION

For the reasons above, the motion at docket 458 to expedite rulings is **GRANTED**; the motion at docket 456 for a competency determination is **GRANTED** in part such that a hearing will be scheduled after the completion of Boehm's evaluation

---

[7] 18 U.S.C. § 3509.

by a psychiatrist at a suitable facility designated by the Attorney General, but denied to the extent that it seeks to have Boehm evaluated by some other mechanism; the motion at docket 457 is **GRANTED** such that the present dates for the final pre-trial conference and trial are **VACATED** and will be re-set in consultation with counsel for the parties at the time the court conducts the hearing on Boehm's competency, and the motion at docket 459 is **DENIED**. Furthermore, the order at docket 447 is **MODIFIED** such that all Brady and Henthorn material not previously produced need not be produced until that date which is not less than four calendar days in advance of the new trial date if a new trial date is set. Furthermore, with the continuance of the trial date, the United States may now re-evaluate whether it wishes to seek a superseding indictment in light of Justice Department policy and the Ninth Circuit decision in *United States v. Ameline*.[8]

The competency hearing will be set by the court after it receives the report from the psychiatrist who evaluates Boehm in accordance with the following further orders. Wherefore,

**IT IS ORDERED** pursuant to 18 U.S.C. § 4241(b) that a psychiatric examination shall be conducted to determine whether defendant Josef Franz Boehm is competent "to understand the nature and consequences of the proceedings against him," and to determine whether he is competent to "assist properly in his defense" as those terms are used in 18 U.S.C. § 4241(a);

**IT IS FURTHER ORDERED** pursuant to 18 U.S.C. §§ 4241(b) and 4247(c) that a report meeting the requirements of 18 U.S.C. § 4247(c) shall be prepared and filed with the court;

**IT IS FURTHER ORDERED** pursuant to 18 U.S.C. § 4247(b) that Josef Franz Boehm is **hereby committed to the custody of the Attorney General of the United States** for a term not to exceed thirty days (unless extended as permitted by law) for the purposes of having the examination and report referenced above completed;

**IT IS FURTHER ORDERED** pursuant to 18 U.S.C. § 4247(b) that "unless

---

[8]No. 02-30326 (July 21, 2004).

impracticable, the psychiatric . . . examination shall be conducted in the suitable facility closest to the court;" and

**IT IS FURTHER ORDERED** that in selecting a suitable facility, the Attorney General shall take into account this court's finding that defendant Josef Franz Boehm presents a very serious flight risk; and

The CLERK will please immediately call counsel to advise of this order.

**Dated** at Anchorage, Alaska, this 28th day of July 2004.

*/s/ JOHN W. SEDWICK*
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

7/28/04 t/c notice: F. Russo, P. Weidner, Jury Clerk, USM USPO

```
A04-0003--CR (JWS)          7-28-04
-------------------------------------
P. WEIDNER (WEIDNER)
R. BUTLER (BUTLER)
K. FITZGERALD

F. RUSSO (US-ATTNY)
US MARSHAL
US PROBATION
JURY CLERK
MAGISTRATE JUDGE BRANSON
```