NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 fax
daniel.cooper@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>JOSEF F. BOEHM,<br><br>      Defendant. | Case No. 3:04-cr-00003-JWS<br><br>**MOTION ON SHORTENED TIME FOR PROTECTIVE ORDER PURSUANT TO 18 U.S.C. § 3509(d) AND RULE 6(e), F.R.Crim.P.**<br><br>[L.R. 7.2(c)] |

COMES NOW the United States of America, by and through undersigned counsel, and moves this court on shortened time to issue a protective order pursuant to the privacy protections provided in 18 U.S.C. § 3509(d) and Rule 6(e) F.R.Crim.P. to limit the deposition testimony of Anchorage Police Detective

Steven Boltz in a deposition currently set for December 18, 2007. This motion is supported by the affidavit of counsel filed herewith, and the points and authorities set forth below.

1.   Background.

Josef Boehm was indicted in January, 2004, by the federal grand jury sitting in Anchorage, Alaska.[1] The first indictment was superceded on March 17, 2004,[2] June 16, 2004,[3] August 17, 2004,[4] and on November 16, 2004.[5] The grand jury received evidence from a number of witnesses, including Anchorage Police Department Detective Steven Boltz.

The Fourth Superseding Indictment charged Boehm with conspiracy to commit sex trafficking of children, eight counts of sex trafficking of children, conspiracy to distribute controlled substances, controlling a place for the distribution and use of controlled substances, distribution of a controlled

---

[1] Docket 1.

[2] Docket 161. This indictment alleged, *inter alia*, conspiracy to commit the crime of sex trafficking of children and sex trafficking of children.

[3] Docket 386.

[4] Docket 503.

[5] Docket 667.

substance to a pregnant individual, possession of a controlled substance with intent to distribute, unlawful user in possession of ammunition and two counts of criminal forfeiture.[6]

Thus, the entire grand jury investigation leading up to this indictment culminated in charges of conspiracy to commit the crime of sex trafficking of children and sex trafficking of children. Moreover, the specific allegation in Count 1, the conspiracy count, was that Boehm and others would "knowingly recruit, entice, harbor, transport provide and obtain persons, *knowing such persons had not attained the age of 18 years old*, to engage in commercial sex acts . . .".[7]

The deposition of Detective Boltz has been noticed for December 18, 2007, at 9:30 a.m. in two separate civil proceedings: a U.S. District Court case, No. 3:06-cv-00031 RRB, and a State Superior Court case, No. 3AN-05-11782 CI. Copies of the Amended Notice of Taking Deposition in both cases are attached hereto as Exhibits A and B respectively. The parties have entered a stipulation providing for confidentiality, which is being considered by Superior Court Judge Mark

---

[6] *Id.*

[7] *Id.*, p. 2. (emphasis added). "Commercial sex act" is defined at 18 U.S.C. § 1591(c)(1) as "any sex act, on account of which anything of value is given to or received by any person."

Rindner. A copy of the proposed stipulation for confidentiality is attached as Exhibit C.

Portions of grand jury testimony of some, but not all, witnesses have been released as attachments to sentencing memoranda filed in this case. The disclosure of that testimony was approved by the court.[8] There is currently no order in this case approving the release of any other grand jury testimony.

2.   Applicable law.

   A.   Privacy protection and confidentiality of information of children.

Child victims and witnesses are entitled to and have rights to protect them if they are victims to or witnesses of physical abuse, sexual abuse or exploitation.[9] Specifically, 18 U.S.C. 3509(d)(1)(A) provides:

> (d) Privacy protection.--
> (1) Confidentiality of information.--(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall–
>    (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
>    (ii) disclose documents described in clause (i) or the

---

[8] Docket 772, p.2., attached as Exhibit D.

[9] 18 U.S.C. § 3509(d). Definitions of "child," "child abuse," and "exploitation" are found at 18 U.S.C. § 3509(a)(2), (3), and (6). The definition of "exploitation" includes child prostitution.

> information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

Subparagraph (A) of 18 U.S.C. § 3509(d)(1) applies to ". . . all employees of the Government connected with the case, including employees of the Department of Justice, [and] *any law enforcement agency involved in the case* . . ."[10] To further protect the identity and information pertaining to child victims and witnesses, all papers filed with the court in such proceedings that would disclose such identity or information are required to be filed under seal.[11]

This court is empowered to issue protective orders to protect " . . . a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."[12] The court may issue an order that provides for any measure that may be necessary to protect the privacy of the child.[13]

    B.    <u>Grand jury secrecy</u>.

---

[10] 18 U.S.C. § 3509(d)(1)(B)(i). (emphasis added).

[11] 18 U.S.C. § 3509(d)(2).

[12] 18 U.S.C. § 3509(d)(3)(A).

[13] 18 U.S.C. § 3509(d)(3)(B(ii).

Proceedings before a federal grand jury are secret.[14] Persons who may not disclose matters occurring before the grand jury, that is those upon whom the rule of secrecy is laid, include any person to whom disclosure is made pursuant to Rule 6(e)(3)(A)(ii).[15] That Rule identifies persons who are subject to the rule of secrecy to include "any government personnel – including those of a state, [or a] state subdivision . . . that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law."[16] Such a person may only use that information to assist the attorney for the government to enforce the federal criminal laws.[17]

A court may authorize disclosure of matters occurring before the grand jury under certain circumstances upon the filing of a petition.[18] No petition has been filed in this matter. The court, upon the filing of an appropriate petition, must consider whether disclosure of matters occurring before the grand jury ". . . would

---

[14] Rule 6(e)(2), F.R.Crim.P.

[15] Rule 6(e)(2)(B)(vii).

[16] Rule 6(e)(3)(A)(ii).

[17] Rule 6(e)(3)(B).

[18] Rule 6(e)(3)(E) and (F). In re Special Grand Jury (for Anchorage Alaska), 674 F.2d 778, 782 - 783 (9th Cir. 1982).

threaten the legitimate interests of the government grand jurors, or other persons connected with the proceedings."[19]

    C.    <u>Motion on shortened time</u>.

A party may move for a hearing or consideration of a motion on a time schedule shorter than otherwise provided by the rules[20]. The motion for shortened time must be accompanied by the declaration of counsel explaining why shortened time is needed, any efforts made to work out the problem with counsel for other parties, positions counsel for the other parties take, and what dates are of significance.[21] The declaration must also state that service was made by a means reasonably likely to allow counsel for other parties an opportunity to see the papers at least as soon as the court.[22]

//    //

//    //

//    //

---

    [19] <u>United States v. Diaz</u>, 236 F.R.D. 470, 476 (U.S.D.C. N.D. Cal. June 30, 2006)(citing <u>In re Special Grand Jury</u>, <u>supra</u>, at 782, n.4).

    [20] L.R. 7.2(c).

    [21] L.R. 7.2(c)(1)(A).

    [22] L.R. 7.2(c)(1)(B)(i).

3. <u>Argument</u>.

The plaintiffs in the two civil lawsuits apparently represent some but not all of Boehm's child victims.[23] On information and belief, these lawsuits seek money damages from Boehm for the same conduct with which he was charged in this criminal case. These plaintiffs have sent notice that they wish to depose Anchorage Police Detective Steven Boltz, an officer who investigated the criminal case against Boehm. According to the notices attached as Exhibits A and B, the deposition is scheduled to take place on December 18, 2007. As set forth in the declaration of counsel attached in support of this motion, the U.S. Attorney's Office was notified by the Municipality of Anchorage of this deposition on December 11, 2007.

Plaintiffs in the lawsuits seek to depose Detective Boltz presumably to learn the complete circumstances surrounding Boehm's activities. The defendants wish to take Detective Boltz' deposition presumably to learn of prior inconsistent testimony of the plaintiffs. However, the exact scope of inquiry by the parties is not known. The United States agrees that the named plaintiffs have waived any confidentiality or privacy claims by filing the law suit. Moreover, the United

---

[23] The exact number is not known, but is believed to be four: Krystal Wallis (3:06-cv-00031 RRB) and E.A., C.R., and A.R. (3AN-05-11782 CI).

States agrees that, to the extent certain grand jury testimony has previously been made public, that testimony is in the public domain.  The issue for the court is whether the parties in this civil lawsuit should be allowed to inquire of Detective Boltz (and presumably other officers involved in this investigation) of other matters occurring before the grand jury, and the identity and any other information concerning child victims and child witnesses.  Indeed, it is easier for the court to enter a protective order that prohibits inquiry in specified areas than for the court to enumerate permissible areas.

That is the precise relief requested in this motion: that the court enter an order that prohibits Detective Boltz from answering any question that will identify any child victim or witness, or any other information concerning them, and for an order prohibiting Detective Boltz to answer any question if the answer includes any information obtained by Detective Boltz from any matter occurring before any federal grand jury in this District that has not previously been disclosed in court filings.

Boehm was charged by the grand jury with crimes to which the confidentiality and privacy provisions of 18 U.S.C. §3509(d) apply.  Specifically, the sex trafficking offenses against children counts specifically set out that the

children were being trafficked for the purpose of commercial sex acts - the provision of sex acts for something of value. Thus, the child victims (and the child witnesses) were the subject or object of exploitation, to wit: child prostitution. Their status as child victims and witnesses was established by this court earlier in the proceedings.[24] Therefore, absent a further ruling by the court, the children are entitled to such protections as are afforded by the statute: the disclosure of their identity <u>and any other information concerning them</u>.[25]

    On its face, the statute is very broad. It is not only the identity that is to be kept confidential, but any other information concerning them. Thus, if Detective Boltz is asked anything about what a child victim or witness said or saw, and he testifies about those interviews, his testimony would be violative of this privacy statute. Indeed, this court has scrupulously followed the constraints imposed by this statute concerning victim and witness privacy throughout the course of the proceeding. To release the information now would undo all that the court has done before.

    Moreover, it would subject the child victims and child witnesses who are

---

[24] Docket 265, Exhibit E.

[25] 18 U.S.C. § 3509(d)1)(A)(1).

not plaintiffs in the civil lawsuits to compulsory process in a matter to which they are not a party and in which they may have no interest. They did not choose to participate in these lawsuits, and there is no compelling reason to have their identities disclosed so they can be compelled to divulge events which they may wish to leave behind.

With respect to Detective Boltz' testimony sought by counsel for the plaintiffs in these two civil lawsuits concerning matters occurring before the grand jury, it appears the lawyers have inadvertently neglected their responsibilities concerning grand jury secrecy rules. It should be apparent to all concerned that, since Boehm was indicted by a grand jury, not only once but several times, that Boehm was the subject of an ongoing grand jury investigation. It is fundamental to federal grand jury proceedings that they be conducted in secrecy.[26] The rules of criminal procedure are very clear in that respect. However, it is also established that there remain times when the public has a right to know what has occurred before the grand jury, and therefore the Rule provides a method for requesting that information.[27] Following those rules, a person may obtain information that a

---

[26] Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

[27] Rule 6(e)(3)(E) and (F), F.R.Crim.P.

court, upon petition and a hearing, deems appropriate for release.[28]

No application has been made in this case to unseal any portion of the transcripts, to disclose the names of witnesses, to disclose the identity or nature of records presented to the grand jury, or to disclose any other evidentiary issue or matter occurring before the grand jury investigating Boehm. Until a proper application is made, it can not be known if there is information this court is willing to release to these plaintiffs, and under which conditions, if any. Moreover, if Detective Boltz were to appear at the deposition and testify concerning any matter that became known to him through the grand jury proceedings, he would be subject to punishment for contempt of court.[29] Thus, the appropriate course is for these civil plaintiffs either to bring a proper petition identifying the exact information they seek so the court can make its determination of the scope of any release, or to do that in their response to this motion.

All the civil parties are concerned that the deposition of Detective Boltz take place. They are apparently in disagreement as to whether it should take place

---

[28] See, Rule 6(e)(3)(E)(i) - (v).

[29] Rule 6(e)(7), F.R.Crim.P.

US v. Boehm
3:04-cr-00003-JWS                -12-

sooner rather than later.[30] The timing of the deposition is, candidly, of little interest to the United States. The only issue of concern by the United States is the protection of the child victims and witnesses, and the secrecy of matters occurring before the grand jury. Those protections must be considered and adjudicated by this court, as this court has original jurisdiction over both matters. The United States Attorney lacks the authority to relax those protections.

4.  Conclusion.

The United States respectfully asks this court to consider the issues raised herein, and order expedited briefing by the civil litigants whose desire it is to take the deposition of detective Boehm, or in the alternative to find that either (1) the instant motion lacks sufficient basis in law or fact to proceed, or (2) that the confidentiality provisions crafted by the civil litigants are sufficient to protect the child victims, and the secrecy of matters occurring before the grand jury.

//   //

//   //

//   //

//   //

---

[30] See, attached Declaration of Counsel.

US v. Boehm
3:04-cr-00003-JWS                                    -13-

RESPECTFULLY SUBMITTED this 14th day of December, 2007, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ Daniel R. Cooper, Jr.
        Assistant U. S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3376
        Fax: (907) 271-2344
        E-mail: Daniel.Cooper@usdoj.gov
        AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2007,
a copy of the foregoing Motion For Protective
Order and Declaration of Counsel
was served via facsimile on the following:

| | |
|---|---|
| Joyce Weaver Johnson<br>Municipal Attorney's Office<br>P.O. Box 196650<br>Anchorage, Alaska 99519-6650<br>343-4550 fax<br><br>Timothy J. Petumenos<br>Max D. Garner<br>Birch Horton Bittner and Cherot<br>1127 W. Seventh Avenue<br>Anchorage, AK 99501<br>276-3680 fax<br><br>Don C. Bauermeister<br>Burke & Bauermeister, P.L.L.C.<br>921 W. 6th Ave., Suite<br>Anchorage, AK 99501<br>277-6111 fax<br><br>Thomas S. Gingras<br>Eide, Gingras & Pate, PC<br>425 G St. Suite 930<br>Anchorage, AK 99501<br>279-0933 fax | Russell L. Winner, Esq.<br>Winner & Associates, P.C.<br>900 West Fifth Ave., Suite 700<br>Anchorage, AK 99501<br>277-4510 fax<br><br>Verne E. Rupright<br>322 Main Street, Wassila, AK 99654<br>907-373-3217 fax<br><br>Pamela S. Sullivan<br>Wade, Kelly & Sullivan<br>745 W. 4th Ave., Suite 425<br>Anchorage, AK 99501<br>562-8977 fax<br><br>Myron Angstman<br>Angstman Law Office<br>Box 585<br>Bethel, AK 99559<br>543-3394 fax<br><br>Carla Raymond<br>Assistant Attorney General<br>1031 West 4th Avenue, Suite 200<br>Anchorage, AK 99501<br>258-6872 fax |

s/ Daniel R. Cooper, Jr.