Attorneys for E.A., L.H., and L.B.

Russell L. Winner, ABA No. 7811149
Winner & Associates, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
(907) 277-9522 phone
(907) 277-4510 fax
rwinner@winnerlaw.com

Myron Angstman
P.O. Box 585
Bethel, AK  99559
(907) 543-2972 phone
(907) 543-3394 fax
angstmanlaw@alaska.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> Plaintiff, <br><br> v. <br><br> JOSEF F. BOEHM, <br><br> Defendant. | ) Case No. 3:04-cr-00003-JSW <br> ) <br> ) <br> ) <br> ) **MEMORANDUM IN SUPPORT OF** <br> ) **PETITION FOR WRIT OF** <br> ) **HABEAS CORPUS** <br> ) *AD TESTIFICANDUM* <br> ) <br> ) |

   Petitioners E.A., L.B., and L.H. are plaintiffs in a civil suit for compensatory and punitive damages against Josef Boehm in the Alaska Superior Court, *E.A. et al., v. Boehm, et al.,* Case No. 3AN-05-11782 CI.  Petitioners seek a writ of habeas corpus *ad testificandum*, requiring the United States Bureau of Prisons to transfer Josef Boehm, who is an inmate at the Federal Correctional Institution, Seagoville, Texas, to the temporary custody of the United States Marshals Service for his transportation to Anchorage, Alaska, to give testimony at trial, to begin on March 3, 2008, in the above-referenced state-court case.  Petitioners respectfully request that the Court do so by February 8, 2008, so that there is sufficient time for the Federal Correctional Institution, Seagoville, and the Marshals Service to arrange for this transportation.  Petitioners will pay all expenses associated with

the granting of this petition.

This Court has the authority to grant a writ of habeas corpus *ad testificandum* where necessary to bring a prisoner to court to testify at trial in the federal or state courts. 28 U.S.C. §2241(c)(5); Fed. R. Civ. P. 81(a)(4). The Court has authority to issue the writ to require transportation of a prisoner incarcerated outside the territorial jurisdiction of the Court to attend a civil trial within that jurisdiction. *ITEL Capital Corporation v. Dennis Min. Supply and Equipment, Inc.*, 651 F.2d 405 (5th Cir. 1981); *Edgerly v. Kennelly*, 215 F.2d 420 (7th Cir. 1976). The Court has authority to order the Marshals Service to comply with the writ. 28 U.S.C. §566. A primary duty of the Marshals Service is to transport prisoners to and from the courthouse, within a district, and between districts. *Fox v. United States*, 416 F.Supp. 593, 595-96 (E.D.Va. 1976).[1]

Boehm pled guilty to, and was adjudicated guilty of, the following federal crimes by this Court: (1) 18 U.S.C. §371 (conspiracy to commit crime of sex trafficking of children); and (2) 21 U.S.C. §§846, 841(a)(1), (b)(1)(A), and 859(a) (conspiracy to distribute controlled substances, to wit over 50 grams of cocaine, base, to persons under 21 years old). Petitioners were each specifically identified as being among Boehm's victims in his plea agreement. This Court sentenced Boehm to incarceration in the federal correctional system for 135 months. Boehm is being held at the Federal Correctional Institution in Seagoville, Texas. His Inmate Registration Number is 14887-006, and his projected release date is October 9, 2013.

This Court has discretion to enter the requested petition for a writ of habeas corpus *ad testificandum*. The Court should consider several factors:

---

[1] Boehm is a federal prisoner, not a state prisoner. Accordingly, the Alaska Department of Public Safety does not have authority under state law to transport him from federal prison to Alaska to give testimony in the above-referenced state-court case. AS 33.30.081, .901(12)(a).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

MEMORANDUM IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*
E.A. v. Boehm, 3AN-05-11782 CI                                              Page 2 of 6

> When determining whether it should issue a writ of habeas corpus *ad testificandum* in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). *Accord*, *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996).

Each of these factors favor granting the petition here. First, Boehm's presence will substantially further the resolution of the state-court action. Petitioners have sued Boehm in the state civil case to recover compensatory damages resulting from the very conduct for which Boehm plead guilty and is currently incarcerated. Petitioners also seek an award of punitive damages against Boehm for this conduct. A two-week jury trial begins on March 3, 2008, in Anchorage, before Superior Court Judge Mark Rindner. Petitioners understand that Boehm's attorneys do not intend to call him as a witness in his own defense. Petitioners, however, intend to call him as an adverse witness as part of their case. Boehm's denies responsibility for harm to them, and he claims that he was himself a victim of his co-conspirators, Bambi Tyree, Allen Bolling, and Leslie Williams. Petitioners are entitled to have the jury see Boehm in court while he is questioned on these matters. Demeanor evidence is of particular significance in this case. Testimony by videotape deposition or by telephone will not convey nearly as much information to the jury.[2]

The courts have granted petitions for a writ of habeas corpus *ad testificandum* under circumstance less compelling than those here. In *Atkins v. City of New York*, 856 F.Supp. 755 (E.D.N.Y. 1994), the court held that the testimony of an incarcerated eyewitness, who had accompanied the arrestee to an alleged drug deal, where the arrestee was beaten by arresting officers,

---

[2] The parties in the state-court action are also attempting to arrange a videotaped deposition of Boehm in late January 2008 at the Seagoville correctional facility. As of the date of filing this petition, however, it is not clear whether the Seagoville facility will permit the video-taping of that deposition. Irrespective of the outcome of that question, Petitioners intend to call Boehm as an adverse witness in their case in chief in state court.

MEMORANDUM IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*
E.A. v. Boehm, 3AN-05-11782 CI                                                                                          Page 3 of 6

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

was necessary in the arrestee's civil rights action, and thus the writ was granted. Likewise, in *U.S. v. Cruz-Jiminez*, 977 F.2d 95 (3rd Cir. 1992), the court held that a prisoner charged with attempting to possess cocain and heroin, in connection with substances obtained while visiting an area where the prisoner was cleaning, was entitled to a writ of habeas corpus *ad testificandum* to secure a defense witness to corroborate testimony that the prisoner did not request to clean the are since the proffered testimony would have been relevant and material to the defense of lack of specific intent. Here, where the credibility of Boehm's own testimony is directly at issue, he should be transported to Anchorage to give live testimony at trial.

Second, there is little security risk in transporting Boehm to trial. Boehm is 63 years old, and he presents little threat of violence or attempted escape. Reflecting this, he is currently being held at the Federal Correctional Institution, Seagoville, Texas, which is a low-security facility. There are convenient flights between Dallas and Anchorage. Petitioners understand that Boehm will be held at the Cook Inlet Pretrial Facility in Anchorage.

Third, Boehm will be remanded to the custody of the Marshals Service. Plaintiffs understand that the Marshals Service will pick up Boehm from the Seagoville facility, and he will be held in the Cook Inlet Pretrial Facility. He will be transported to the state court, as necessary, to give testimony. Once his testimony is complete, the Marshals will escort Boehm back to the Seagoville facility. Petitioners will pay all costs involved. There will be no cost to the public in granting this petition.

Finally, as noted above Boehm is not scheduled to be released from incarceration until October 9, 2013. The state civil damages suit cannot be stayed until then without substantial prejudice to Petitioners.

For the above reasons, the Court should grant this petition for a writ of habeas corpus *ad testificandum*. Again, Petitioners respectfully request that the Court do so by February 8, 2008, so

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

that there is time for the Federal Correctional Institution, Seagoville, and the Marshals to arrange for this transportation. A proposed order accompanies this memorandum.

Dated this 15th day of January, 2008, at Anchorage, Alaska.

By: s/ Russell L. Winner
Winner & Associates, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
(907) 277-9522 phone
(907) 277-4510 fax
rwinner@winnerlaw.com
ABA No. 7811149

By: s/ Myron Angstman
Myron Angstman
P.O. Box 585
Bethel, AK 99559
(907) 543-2972 phone
(907) 543-3394 fax
angstmanlaw@alaska.com
ABA No. 7410057

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

MEMORANDUM IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*
E.A. v. Boehm, 3AN-05-11782 CI                                   Page 5 of 6

**Certificate of Service**

I hereby certify that on January 15, 2008, a copy of the
foregoing Memorandum in Support of Petition for Writ of Habeas Corpus
*Ad Testificandum* was served electronically on Daniel S. Cooper,
and on the following by facsimile:

Daniel R. Cooper, Jr.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
271-2344 fax

Don C. Bauermeister
Burke & Bauermeister, P.L.L.C.
921 W. 6th Ave., Suite 250
Anchorage, AK 99501
277-6111 fax

Joyce Weaver Johnson
Municipal Attorney's Office
P.O. Box 196650
Anchorage, AK 99519-6650
343-4550 fax

Thomas S. Gingras
Eide, Gingras & Pate, PC
425 G. St., Suite 930
Anchorage, AK 99501
279-0933 fax

Timothy J. Petumenos
Max. D. Garner
Birch Horton Bittner and Cherot
1127 W. 7th Ave.
Anchorage, AK 99501
276-3689 fax

Verne E. Rupright
322 Main St.
Wasilla, AK 99654
907-373-3217 fax

Pamela S. Sullivan
Wade, Kelly & Sullivan
745 W. 4th Ave., Suite 425
Anchorage, AK 99501
562-8977 fax

Myron Angstman
Angstman Law Office
Box 585
Bethel, AK 99559
907-543-3394 fax

Carla Raymond
Assistant Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501
258-6872 fax

s/ Russell L. Winner

G:\Boehm Cases\General\memo in support of petition for writ of habeas corpus ad testificandum - marshals.wpd

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

MEMORANDUM IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*
E.A. v. Boehm, 3AN-05-11782 CI                                                                 Page 6 of 6